REAVLEY, Circuit Judge,
specially concurring:
I agree that a fact issue exists whether Slenker, by breach of his fiduciary duty, caused the Commissioner to lose the $700,-000. The record establishes a lawyer-client relationship between Slenker’s law *427 firm and the Commissioner, but there is a material conflict between the parties about the conversation between them on October 15, 1992. Slenker’s testimony is that he made it clear that he would not protect the Commissioner or oppose release of the money.
There is no issue on jurisdiction. See Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir.1999)(“However, when the claim arises from a breach of fiduciary duty based on a failure to disclose material information, the fact that the lawyer continually communicated with the forum while steadfastly failing to disclose material information shows the purposeful direction of material omissions to the forum state.”)
Finally, there is no prescription issue. The one-year prescription period of LSA-R.S. 9:5605 only applies to claims against attorneys licensed to practice in Louisiana. A breach of fiduciary duty action is governed by a ten-year prescription period under L.S.A.-C.C. 3499. Gerdes v. Estate of Cush, 953 F.2d 201 (5th Cir.1992).